CITED *in Imlay* v. *Wikoff*, 1 *South.* 139; *Hazen* v. *Addis*, 2 *Gr.* 337.

---

[257]        JAMES v. DICKSON, ASSIGNEE.

SAME v. SAME.

The court will not make any intendment to overturn a judgment; the facts which constitute the ground of objection must be clearly proved.

These were two cases that came before the court on the return of a *certiorari* to Justice Dickenson, before whom the plaintiff below had obtained judgment by default for the amount of his demand.

The objection taken was, that the bills given in evidence were sealed bills, and therefore the actions were improperly brought in the name of the assignee. This objection was supported by affidavits, which stated that two sealed bills, bearing date the same day with those on which the actions were brought, and for the same sums, had been made between the parties, but they did not establish the point that these were the identical notes on which the actions were founded.

*H. Stockton*, for defendant, said that he did not deny the law as laid down by the plaintiff's counsel, but contended that there was a chasm in the evidence, it not being proved that the bills exhibited before the justice were actually sealed; and

as the justice's return did not state them to be so, no ground was made out upon which the judgments could be reversed.

PER CUR. We cannot make any intendment to overturn a judgment. It must clearly appear to us that there was error; and, in order to do this, the facts which constitute the ground of objection must be proved throughout. It may be that these parties have made two notes bearing the same date, and for the same sums, without seals, and sued upon them. We ought rather to intend this in support of the judgment. The judgments must be affirmed, with costs.

Judgments affirmed.

*Lawrence*, for plaintiff.